## Case No. 11,095.

### PHILIPS v. JANNEY.

[1 Cranch, C. C. 502.] [1]

Circuit Court, District of Columbia. July Term, 1808.

BILLS AND NOTES—NOTICE OF PROTEST—FOREIGN MAIL IN TIME OF WAR—DUPLICATE NOTICE.

It is not sufficient notice to the defendant of the dishonor of a bill payable in London to inclose the bill and protest in a letter to the defendant in this country, and put the letter into the mail of a British packet, in time of war between England and France, without following it by a duplicate protest, &c., in reasonable time; the original protest not having been received.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Assumpsit by the indorsee against the indorser of a foreign bill of exchange, payable in London, for two hundred pounds sterling, accepted by the drawees, and protested for non-payment. The bill and protest were inclosed in a letter from the plaintiff to the defendant, giving notice of the demand and non-payment, dated November 5th, 1803, addressed to the defendant in Alexandria, and put in the mail for the British packet, which sailed from England on the 16th of November, 1803, which was the first packet for the United States after the protest, and which arrived safely at New York, of which arrival the plaintiff had notice. There was then war between England and France. The usual mode of conveyance was by these packets, which sailed once a month for some port of the United States, where the foreign letters were to be put into the mail of the United States, for particular transmission to their respective places of address; or by some private ship regularly trading to Alexandria. The plaintiff offered evidence that the most regular mercantile houses usually preferred the conveyance by packet, notwithstanding the war. That it is usual for foreign merchants to send duplicates of protests to their correspondents and sometimes triplicates, before they hear of the receipt of any of them, but not after hearing of the arrival of the ship which carried the original protest. It appeared that the original protest was never received by the defendant; but in December, 1805, or beginning of 1806, he was informed of the protest by the plaintiff's agent; and on the 4th of December, 1806, was informed of the dishonor of the bill, by another letter from the plaintiff, dated September 3d, 1806, which inclosed a copy of the protest, and the second bill of the same set. That the drawer of the bill died insolvent, in August, 1805, but was in good credit when he drew the bill, and if the bill and protest which was sent in November, 1803, had been duly received by the defendant, the drawer might have paid the bill or secured payment of it. The defendant refused to pay the bill. The prior indorsers are still solvent, and received notice of the dishonor of the bill from the defendant immediately after he received the duplicate protest in 1806.

Upon this state of facts the plaintiff's counsel, C. Lee, prayed the court to instruct the jury, that the defendant was liable to pay the amount of the bill; contending that the plaintiff used due and reasonable diligence in giving notice to the defendant.

Mr. Swann, for defendant, contended that there should have been actual notice in reasonable time; that the plaintiff ought to have continued to send duplicates, &c., till the receipt of some one of them was acknowledged; and that a neutral vessel would have been a safer conveyance than a British packet in time of war.

THE COURT (nem. con.) refused to give

the instruction. A bill of exceptions was taken; but a writ of error was never prosecuted.